The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: August 10 2007

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATE
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 05-30507 |
| | ) | Chapter 7 |
| Stuart D. Cole and Linda L. Cole, | ) | |
| | ) | Adv. Pro. No. 07-3098 |
| Debtor(s). | ) | |
| | ) | Hon. Mary Ann Whipple |
| John N. Graham, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Stuart D. Cole, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND ORDER**

This adversary proceeding is before the court upon Plaintiff Trustee's "Complaint to Revoke Discharge Pursuant to 11 U.S.C. § 727(d)(3) and (a)(6)(A)" ("Complaint") [Doc. #1]. Defendant is one of the Chapter 7 debtors in Case No. 05-71486 in this court. Joint Debtor Linda L. Cole was dismissed from this adversary proceeding on July 11, 2007. On May 11, 2007, the Clerk issued a summons and notice of pre-trial conference [Doc. #3]. The return on service [Doc. #7] shows that the summons and Complaint were properly served on Defendant, at the address set forth in the petition, by ordinary first class mail. The summons required an answer or other response to the Complaint to be filed by June 8, 2007.

On June 13, 2007, the court held a pre-trial scheduling conference. Plaintiff appeared by telephone. There was no appearance by or on behalf of Defendant and no answer or other response to the complaint was filed and served. The Clerk accordingly entered Defendant's default [Doc. ## 12,13] and Plaintiff was ordered to file a motion for default judgment [Doc. #11]. Plaintiff's motion for default judgment ("Motion") was filed on June 27, 2007. [Doc. #16]. The Motion was served by first class mail on Defendant at the address set forth in the bankruptcy petition. The court scheduled a hearing on the Motion and notice of this hearing was also properly served on Defendant at the address set forth in the petition. [Doc. ##17, 18].

On August 9, 2007, the court held a hearing on the Motion. Plaintiff appeared by telephone at the hearing. There was no appearance by or on behalf of Defendant at the hearing. A review of the record shows that no answer or other response to the Complaint or Motion has ever been filed. Therefore, pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055, Plaintiff's Motion for Default Judgment will be **GRANTED.**

**Conclusions of Law:**

The legal basis for the Complaint is 11 U.S.C. § 727(d)(3) and (a)(6)(A), which provide that a debtor who acquires property of the estate and knowingly and fraudulently fails to deliver or surrender such property to the Trustee, or who refuses to obey a lawful order of the court as provided in § 727(a)(6)(A), shall have his or her discharge revoked. The property in issue, alleged to have been dissipated in this case, is the non-exempt portion of Defendant's 2004 state and federal income tax refunds, $4,296.00 of which constitute property of the debtor on a pre-petition basis and property of the estate on a post-petition basis. *Johnston v. Hazlett (In re Johnston)*, 209 F.3d 611, 613 (6th Cir. 1999); *In re Walker*, 279 B.R. 544 (Bankr. W.D.Mo. 2002). On June 8, 2005, the court had ordered turnover of the refunds in Debtor's underlying Chapter 7 case. The order was an Agreed Order that required payments of $50 per month, with a lump sum due from Defendant's 2005 tax refunds, to account for the

2004 tax refunds that were not originally turned over to the estate.

The court has jurisdiction over the Defendant's/ Debtor's underlying Chapter 7 bankruptcy case. 28 U.S.C. § 1334. The case and all related proceedings, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 84 entered on July 16, 1984 by the United States District Court for the Northern District of Ohio. This adversary proceeding is a core proceeding in which this court can make a final determination because it involves a determination as to a debtor's right to a discharge. 28 U.S.C. § 157(b)(2)(J).

**Findings of Fact**:

The court finds that notice, including the initial service of the summons and complaint pursuant to Fed. R. Bankr. P. 7004(b)(9), has been duly and properly been served upon Defendant at all stages of this adversary proceeding and in the underlying Chapter 7 case. The court notes that the court's mailings to Defendant in this adversary proceeding have been returned as undeliverable. However, service of process on Defendant is not thereby ineffective or invalidated. Debtors are required under Bankruptcy Rule 4002 to file a statement of any change of address. Rule 7004(b)(9) requires service to be made by mailing a copy of the complaint to the debtor at the address in the petition, which was duly and properly accomplished, or to such other address as the debtor may designate in a filed writing. Defendant has not designated any other address other than the one in the petition, as he was required to do under Rule 4002. Service is still valid notwithstanding the returned mail. *See Bak v. Vincze (In re Vincze)*, 230 F.3d 297, 299-300 (7th Cir. 2000). The court therefore finds that Defendant has failed to appear, plead, or otherwise defend this action as required by the applicable rules of procedure.

The court finds that the well-pleaded allegations of the Complaint constitute a valid cause of action under 11 U.S.C. § 727(d)(3) and (a)(6)(A), and deems them as true. In the absence of evidence to the contrary, the court finds that Defendant's actions and inactions constitute grounds for revocation of his discharge under 11 U.S.C. § 727(d)(3). As alleged in the Complaint, the Trustee had previously

3

demanded and the court enter an Agreed Order in the underlying Chapter 7 [Case No. 05-30507, Doc. #13, June 8, 2005] requiring that Defendant repay the estate for the $4,296.00 in non-exempt 2004 tax refunds that were not originally turned over to the Plaintiff upon receipt. The complaint avers that Defendant did not make the payments to the estate required by the Agreed Order. Given that Defendant's obligation regarding repayment of the tax refunds was memorialized in an Agreed Order, the record shows that Defendant has knowingly and fraudulently failed to deliver to the Plaintiff property of the estate, and has refused to obey an order of the court, other than an order to testify, of which he had proper notice. Plaintiff has established through the complaint and the docket in the underlying Chapter 7 case a cause of action under § 727(d)(3) and (a)(6)(A). Defendant's discharge in the underlying main case shall be revoked.

## Conclusion:

Based on the foregoing reasons and authorities, Plaintiff's Motion for Default Judgment [Doc. #16] is hereby **GRANTED.** A separate, final judgment against Defendant in accordance with this Memorandum of Decision and Order shall be entered.

**IT IS SO ORDERED.**